UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) CASE NO.  17-sw-05086-KLM<br><br>**Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this ex parte application for an Order pursuant to 18 U.S.C. § 2703 (d). The proposed Order would require EStreet Communications, an Internet Service Provider located in Englewood, CO, to disclose certain records and other information pertaining to the email accounts: rjackson@ttninv.com and rjackson@zjinv.com. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. EStreet Communications is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require EStreet Communications to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating crimes arising from the illegal hunting of an elephant in Zimbabwe and subsequent efforts to unlawfully smuggle the elephant into the United States as a trophy. The investigation concerns possible violations of, among other possible criminal laws, the Lacey Act (16 U.S. Code § 3771), the Endangered Species Act, (16 U.S. Code § 1538), the Elephant Conservation Act, (16 U.S. Code § 4223), Conspiracy (18 U.S. Code § 371), Smuggling (18 U.S. Code § 545), and Wire-Fraud (18 U.S. Code § 1343).

**5.** Specific and articulable facts showing that there are reasonable grounds to believe that the records described in Attachment A are relevant and material to the ongoing criminal investigation include, but are not limited to, the following:

a. On July 27, 2015, a cooperating private individual ("CPI") recorded a conversation with Paul Ross Jackson in which Jackson explained that he had (1) killed an elephant in Gonarezhou National Park in Zimbabwe; and that (2) he was working to import the trophy of the dead elephant into the United States, a process that would require him to falsely

2

state on the required import paperwork that the elephant was hunted in South Africa instead of Zimbabwe.

   b. The CPI voluntarily provided to the Fish and Wildlife Service copies of e-mails from e-mail account info@SafariSpecialtyImporters.com. The CPI received those e-mails from Paul Ross Jackson, who had personally forwarded them to the CPI's e-mail account. The substance of the forwarded e-mails, dated June 2015, is a discussion between Jackson and the owners of a specialty wildlife import business located in the State of New York about the status of three hunting trophies, including ivory from Zimbabwe in 2015.

   c. Email communications, obtained pursuant to a search warrant issued by the Honorable Nina Y. Wang on May 26, 2016, show that the rjackson@ttninv.com and rjackson@zjinv.com accounts were used to communicate about the hunted elephant up to at least May 10, 2016. Among these communications are emails discussing a plot to submit a false affidavit to Zimbabwean authorities for the purpose of fraudulently obtaining export paperwork. Based on information from the CPI that the elephant ivory was exported from Zimbabwe to South Africa sometime after May 10, 2016, there are reasonable grounds to believe that communications relevant and material to this investigation were sent after that date.

   a. Tara Moghaddam, who had been an employee for Safari Specialty Importers, told a Fish and Wildlife Special Agent in December 2016 that, until she quit her employment in July 2016, she had been working with Van Rensburg, Da Costa, and Jackson to facilitate the import of Jackson's elephant ivory from Zimbabwe to the United States. Moghaddam stated that Da Costa would be procuring a South African government letter to falsely claim Jackson had a residence in South Africa. In submitting false South African documents to the Zimbabwe government, Jackson would be allowed to export the ivory from

Zimbabwe to South Africa. From South Africa, the Zimbabwe ivory would be imported into the United States, under the guise of a legally taken South African elephant. Review of emails obtained from previous warrants has indicated that Da Costa was attempting to obtain a letter of South African residency for Jackson to facilitate the export of ivory from Zimbabwe to South Africa.

          d.     A U.S. Fish and Wildlife Special Agent acting in a covert capacity communicated with the guide, Hanno Van Rensburg, for Paul Ross Jackson's elephant hunt. Upon the Special Agents text inquiring if the hunt was filmed the, Van Rensburg replied they hunted at night and no camera was allowed. Van Rensburg also texted there were, "Plenty bribes to get that elephant." Van Rensburg said Paul Ross Jackson told him he finally got the elephant out of Zimbabwe and it was in South Africa with "Rosella."

REQUEST FOR ORDER

6.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that EStreet Communications be directed to produce all items described in Part II of Attachment A to the proposed Order.

7.     The United States further requests that the Order require EStreet Communications not to notify any person, including the subscribers or customers of the accounts listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order

commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

       8.       The United States further requests that the Court order that this case, namely the application and any resulting order be restricted from all public access until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Accordingly, there is good cause to restrict these documents from public access because their premature disclosure may seriously jeopardize that investigation.

> Respectfully submitted,
>
> ROBERT C. TROYER
> ACTING UNITED STATES ATTORNEY
>
> *s/ Bryan David Fields*
> Bryan David Fields
> Assistant United States Attorney
> 1225 17th Street, Suite 700
> Denver, Colorado 80202
> Telephone: 303-454-0100
> bryan.fields3@usdoj.gov